IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 7 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-02223-BNB

DONALD ADAM PENROD,

    Applicant,

v.

SUSAN JONES, Warden CSP, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Donald Adam Penrod, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Penrod, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. *See* ECF No. 9. Mr. Penrod has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe the application liberally because Mr. Penrod is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Penrod will be ordered to file an amended application.

The Court has reviewed the application and finds that it is deficient. Mr. Penrod has failed to file an application, or to assert claims, that comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to

applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The ninety-two-page application is verbose, confusing, and refers to attachments that are equally verbose and confusing, or possibly not attached. Mr. Penrod appears to be attacking his conviction in Adams County District Court Criminal Case No. 90-CR-1333, and his thirty-year sentence as a result of that conviction. *See* ECF No. 9 at 1-2. Otherwise, the application is largely unintelligible.

The Court is not responsible for speculating as to Mr. Penrod's claims, or reviewing any attached documents submitted or not submitted by Mr. Penrod to determine what claims and specific facts he intends to raise in this action. Mr. Penrod also is advised that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Penrod must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." These habeas corpus rules are more

demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Although Mr. Penrod's application fails to comply with Fed. R. Civ. P. 8, Mr. Penrod will be given an opportunity to file an amended application that alleges clearly on the Court-approved form both the claims he seeks to raise and the specific facts to support each asserted claim.

Accordingly, it is

ORDERED that Applicant, Donald Adam Penrod, file, **within thirty days from the date of this Order**, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with this order. It is

FURTHER ORDERED that Mr. Penrod shall obtain the Court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Penrod fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without prejudice and without further notice.

DATED October 27, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02223-BNB

Donald Adam Penrod
Reg. No. 36297-013
FMC Butner
PO Box 1600
Butner, NC 27509

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on October 27, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk