IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02223-BNB

DONALD ADAM PENROD,

    Applicant,

v.

SUSAN JONES, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO] JOHN SUTHERS,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Donald Adam Penrod, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City. Mr. Penrod filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 9) challenging the validity of his convictions in Adams County, Colorado, district court case number 90CR1333 on charges of aggravated robbery of a controlled substance, second-degree kidnaping, and aggravated robbery. On December 6, 2011, he filed an amended habeas corpus application (ECF No. 31). He seeks the reversal of his convictions and his release from incarceration. Mr. Penrod has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.

    The Court must construe liberally Mr. Penrod's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended habeas corpus application will be denied and the action dismissed.

Mr. Penrod previously sought habeas corpus relief pursuant to § 2254 in this Court challenging the validity of the same state court conviction and sentence. *See Penrod v. Hargett*, No. 01-cv-01364-MSK-MJW (D. Colo. Feb. 25, 2003), *certificate of appealability denied*, No. 03-1119 (10th Cir. Dec. 24, 2003). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

On April 16, 2002, Magistrate Judge Michael J. Watanabe recommended that the § 2254 application in No. 01-cv-01364-MSK-MJW be denied as time-barred under 28 U.S.C. § 2244(d)(1). On February 25, 2003, the Court adopted the recommendation, denied the § 2254 application with prejudice, and dismissed the action. On March 25, 2003, Mr. Penrod appealed to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit). On December 24, 2003, the Tenth Circuit denied Mr. Penrod a certificate of appealability, finding that Mr. Penrod failed to file his § 2254 application in a timely manner and that no statutory or equitable bases for tolling 28 U.S.C. § 2244(d)(1) existed. *See Penrod v. Hargett*, No. 03-1119 (10th Cir. Dec. 24, 2003).

Therefore, the Court finds that the instant amended application is a second or successive application. *See Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (noting that "[d]ismissal of a petition as time barred operates as a dismissal with

prejudice, meaning that future applications will be treated as 'second or successive' petitions subject to the heightened requirements of § 2244(b)").

Pursuant to 28 U.S.C. §§ 2244(b)(3)(A), 2255(h), Mr. Penrod must apply to the Tenth Circuit for an order authorizing this Court to consider a second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, this Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. A state prisoner seeking authorization to file a second or successive petition for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

On January 23, 2012, almost five months after he attempted to initiate the instant action on August 24, 2011, Mr. Penrod petitioned the Tenth Circuit for permission to file a successive § 2254 application in this Court. *See In re Penrod*, No. 12-1024 (filed 10th Cir. Jan. 23, 2012) (unpublished). Although Mr. Penrod applied for permission to file a second or successive § 2254 application, he does not allege that the Tenth Circuit has authorized him to do so, and a review of the Tenth Circuit docketing records in No. 12-

1024 does not reveal that such authorization has been issued. Therefore, the Court either must dismiss the amended application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be considered in deciding whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. A transfer is not in the interest of justice when the claims being raised in the second or successive application do not meet the statutory requirements set forth in § 2244(b)(2). *See id.* at 1252.

In the amended § 2254 application (ECF No. 31) Mr. Penrod filed on December 6, 2011, again challenging his conviction in No. 90CR1333, he asserts three claims that he has "newly discovered" evidence of "frauds Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24on the court." *See* ECF No. 31 at 5-6. Mr. Penrod also argues that the time limitation under § 2244(d) does not apply. The claims asserted in the instant action and in No. 01-cv-01364-MSK-MJW are similar. Mr. Penrod claims now, as he did in 2001, that his "newly discovered evidence" allegedly shows that: (1) the 1991 trial prosecutors suppressed exculpatory evidence, (2) assisted by the police, prosecutors, defense counsel, judges at the state and federal levels, and "everyone associated with the case," ECF No. 31 at 12, all of whom (3) were involved in a "fraud on the court" against him. *Id.*, *e.g.*, at 15, 18, 19, 21.

Mr. Penrod's claims in the instant action, despite his allegations to the contrary, are not based on either a new rule of constitutional law made retroactively applicable to cases on collateral review or newly discovered facts, and do not meet the requirements in § 2244(b)(2).  *See also* 28 U.S.C. § 2255(h).  Therefore, the Court finds that a transfer is not in the interest of justice for this reason alone.  *See id.*

Consideration of the other relevant factors also supports this conclusion. Although it appears that Mr. Penrod's claims would be time-barred if filed anew in the proper forum, the fact that No. 01-cv-01364-MSK-MJW was dismissed as time-barred indicates the instant action would be time-barred even if Mr. Penrod obtained proper Tenth Circuit authorization prior to filing in this Court.  There also is no indication that Mr. Penrod seeks to pursue any claims that likely have merit.  Finally, it does not appear that the claims were filed in this Court in good faith because it was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Penrod's claims because they attack the validity of the same conviction challenged in his prior habeas corpus action dismissed as time-barred.  As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice.  Instead, the action will be dismissed for lack of jurisdiction.

If the Tenth Circuit informs Mr. Penrod in No. 12-1024 that the instant action is not a second or successive § 2254 application, he is free to refile.  Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Penrod files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to

proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended habeas corpus application pursuant to 28 U.S.C. § 2254 and the action are dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant, Donald Adam Penrod, has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that any pending motions are denied as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  9th  day of    February    , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court