FILED
United States Court of Appeals
Tenth Circuit

February 23, 2012

UNITED STATES COURT OF APPEALS

Elisabeth A. Shumaker
FOR THE TENTH CIRCUIT      Clerk of Court

---

In re:

DONALD ADAM PENROD,

Movant.

No. 12-1024
(D.C. No. 1:11-CV-02223-BNB)
(D. Colo.)

---

**ORDER**

---

Before **BRISCOE**, Chief Judge, **O'BRIEN** and **HOLMES**, Circuit Judges.

---

Donald Adam Penrod, a Colorado state prisoner appearing pro se, seeks authorization to file a second or successive 28 U.S.C. § 2254 petition. Because Mr. Penrod's proposed claims do not meet the requisite conditions for authorization under 28 U.S.C. § 2244, we deny the motion.

Mr. Penrod was convicted in Colorado in 1991 of aggravated robbery of a controlled substance, second-degree kidnapping and aggravated robbery. He was sentenced to a total of thirty years in prison. His conviction and sentence were affirmed on direct appeal and in state post-conviction proceedings. Mr. Penrod filed his first § 2254 habeas petition in 2001, which was denied as time-barred by the district court. This court denied Mr. Penrod's request for a certificate of appealability (COA). *Penrod v. Hargett*, No. 03-1119 (10th Cir. Oct. 14, 2003) (unpublished order).

Mr. Penrod now seeks to present the following claims:

(1) the prosecutor hid one of the robbery victims, Ms. Sanford, in Wyoming and falsely told the court Ms. Sanford was unavailable to testify;

(2) the prosecutor and post-conviction judges conspired to criminally withhold certain trial transcripts from him;

(3) a police detective falsely testified Ms. Sanford's leather jacket was returned, but Mr. Penrod believes the police destroyed the jacket because it might have contained exculpatory prints or DNA evidence;

(4) the state's attorney falsely claimed Mr. Penrod's defenses were time-barred in response to his first § 2254 application; conspired with Mr. Penrod's post-conviction attorneys to defraud him of his meritorious defenses and fabricate an exhibit relating to where Ms. Sanford was at the time of trial (which he identifies as "Exhibit 84"); and knew that the judges deciding Mr. Penrod's state post-conviction motions were corrupt and were refusing to prosecute themselves;

(5) state judges retaliated against him for exercising his rights by withholding trial transcripts from him; refusing to rule on his motions for transcripts and to disqualify themselves; and preventing the appointment of a special prosecutor.  Mr. Penrod further seeks to claim that one state judge stole his post-conviction motions and affidavits; threatened and bribed his post-conviction counsel; threatened to fabricate Exhibit 84; held ex parte

meetings with the prosecutors to cover-up the perjuries concerning Exhibit 84 and Ms. Sanford's whereabouts; threatened Mr. Penrod's investigator if he did not suppress evidence; and refused to let Mr. Penrod testify about these alleged cover-ups.  Mr. Penrod contends that all of his proposed claims are based on newly-discovered evidence because he did not receive certain trial transcripts until 2010.

A movant seeking to bring a second or successive § 2254 petition may proceed only with a claim not presented in a prior petition, *see* 28 U.S.C. § 2244(b)(1), that either "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id.* § 2244(b)(2)(A), or relies on facts that "could not have been discovered previously through the exercise of due diligence" and that "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," *id.* § 2244(b)(2)(B)(i)(ii).

We conclude that Mr. Penrod has failed to demonstrate that his proposed claims satisfy these standards.  First, Mr. Penrod has raised almost all of his proposed claims before, in his first § 2254 application, and we may not grant authorization as to any claim that has already been adjudicated in a previous § 2254 application, *see id.* § 2244(b)(1).  In his first § 2254 application, Mr. Penrod claimed that his attorneys assisted the prosecutors in suppressing

Ms. Sanford's address (citing an Exhibit 84); his post-conviction attorney was engaged with the prosecutors, police, and judges in a criminal conspiracy against him; and that exculpatory evidence concerning the location of Ms. Sanford and her leather jacket were illegally suppressed. *See* Resp., Attach. A at 11-12 (Magistrate Judge's Report and Recommendation in his first § 2254 application); *id*. at 32 (this court's order denying COA). In recommending the denial of that application, the magistrate judge concluded that Mr. Penrod was "actually aware, or with due diligence should have been aware, since March 1991" of the factual bases of these claims. *Id*. at 12, 35.

Second, to the extent Mr. Penrod is asserting new claims, he has not demonstrated that any of his proposed claims are based on newly-discovered evidence. He provides no evidence in support of his assertion that he only recently obtained his 1991 trial transcripts, nor does he indicate what new information was contained in these allegedly newly-obtained transcripts. Furthermore, we see nothing in his proposed claims to suggest that he has evidence "sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty," 28 U.S.C. § 2244(b)(2)(B).

Accordingly, Mr. Penrod's request for authorization is DENIED. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court,

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk